

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,287-01

### EX PARTE EDWARD FRANK WILLIAMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W13-24143-I(A) IN THE NO. 2 DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.

## O R D E R

Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to 75 years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Williams v. State,* No. 05-15-00470-CR (Tex. App.–Dallas, May 12, 2016). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because defense counsel Brian Wirskye did not convey a 30-year plea offer when it was made on April 26, 2013. Instead, Applicant did not learn of this plea offer until over a year later, after Wirskye had been replaced by defense counsel Richard Franklin. Applicant asserts that he would have accepted the plea offer if he had known about it

before it was withdrawn. Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970). Accordingly, the record should be developed.

The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). We are mindful that the record has been developed to some extent, in that it contains copies of defense counsels' 2015 letters to the State Bar and an excerpt of a 2014 hearing record. There are some inconsistencies between these materials. The trial court may order trial counsel and/or the prosecutors to respond to Applicant's claim, if appropriate.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

If appropriate, the trial court may consider and determine whether Applicant's claims should be barred by laches. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 23, 2022
Do not publish